### ADLER v. JUNG et al.

(Supreme Court, Appellate Division, Second Department.  October 6, 1911.)

JUDGMENT (§ 347*)—VACATING—GROUNDS—FRAUD.

>    That defendants were induced to execute the contract sued on by plaintiff's fraud is not of itself ground for vacating a judgment for plaintiff.
>    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 680–682; Dec. Dig. § 347.*]

Appeal from Municipal Court, Borough of Queens, Third District.

Action by Louis Adler against George Jung and another. From an order setting aside a judgment for plaintiff, he appeals. Reversed.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, BURR, and RICH, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

William I. Karle, for appellant.
Jere Liebermann, for respondents.

THOMAS, J.   In this action the plaintiff sues for broker's commissions, stipulated in the contract for the sale of real estate.   Both defendants interposed a general denial and were present at the trial. George Jung was sworn, and, as plaintiff's affidavit shows, their lawyer was present, but asked that his appearance as such be not noted. Judgment was had for the plaintiff, and thereafter a motion was made to vacate the judgment upon grounds not stated, which was done, and from the order this appeal is taken.

The judgment could not have been vacated on the ground that there was a default, for there was none; nor on the ground of newly discovered evidence, for nothing of the kind is claimed; nor could fraud in the procurement of the judgment have been the basis of the court's action, for none appears.   It is true that the defendants claim that they were induced to enter into the contract by plaintiff's fraud, but that is no ground for vacating the judgment.   I can find no reason for the court's action.

The order should be reversed, with costs.

JENKS, P. J., and BURR and RICH, JJ., concur.   HIRSCHBERG, J., dissents.